## WILL COLLINS v. THE STATE.

### No. 4646. Decided October 24, 1917.

**1.—Theft of Automobile—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause remanded on other questions, the overruling of the application for a continuance need not be considered.

**2.—Same—Defensive Theories—Charge of Court—Explanation.**

Where defendant claimed that he was only the chauffeur of the alleged automobile and did not claim the purchase thereof and that he 'had authority from the person for whom he drove the car to sell the same, this issue should have been submitted in a proper charge, and the court's charge on this point was not sufficiently explicit.

**3.—Same—Original Taking—Charge of Court.**

Where, upon trial of theft of an automobile, the evidence raised the question as to whether the defendant was connected with the original taking, or whether he was simply the chauffeur of the car. This issue should have been submitted as requested.

**4.—Same—Chauffeur—Theft of Automobile.**

Where defendant was indicted for the theft. of an automobile and claimed by his testimony that he was simply the chauffeur for another person, this would not render him guilty.

**5.—Same—Alibi—Charge of Court.**

Where, upon trial of theft of an automobile, the evidence raised the issue of alibi, the same should have been submitted to the jury as requested, in the instant case.

Appeal from the District Court of Cottle. Tried below before the Hon. J. H. Milam.

Appeal from a conviction of theft of automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. B. Howard* and *Arrington & Bell,* for appellant.—On question of court's charge: McGrew v. State, 10 Texas Crim. App., 539; McAfee v. State, 17 id., 131.

On question of defendant's explanation: Boyd v. State, 6 S. W. Rep., 853; Hernandez v. State, 8 id., 667; Burdett v. State, 51 Texas Crim. Rep., 345, 101 S. W. Rep., 988..

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of alibi: McGrew v. State, 10 Texas Crim. App., 539.

On question of recent possession: Cabrall v. State, 57 Texas Crim. Rep., 304; Stevens v. State, 154 S. W. Rep., 999; Ward v. State, 41 Texas, 611; Shackelford v. State, 43 id., 138; Darnell v. State, 43 id., 147.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with the theft of an automobile from J. R. Welch.

Mr. Welch lived about nine or ten miles from Paducah, in Cottle County. He purchased, shortly before it was stolen, an automobile from the Brisco Manufacturing Company. It was taken at night. The next morning it was found in possession of appellant in Childress County. There is evidence tending to show appellant reached that point half after two or three o'clock in the morning, and placed the auto in a garage. Subsequently the officers arrested him for theft of the automobile. He gave an explanation as to how he came by it, and there is a conflict as to whether he made more than one explanation. The theory of the State is that he made more than one explanation, and that they were somewhat in conflict.

Appellant's contention was that he had nothing to do with the theft of the machine, and that he was not in the neighborhood of where it was stolen. His connection, as stated by himself, was to this effect: That he came to the town of Paducah about 5:30 o'clock in the evening, and this seems not to have been controverted, and was around town with a couple of friends, going to moving picture shows after taking his supper with one of these friends. After leaving the picture show he went to a drug store with his companions and indulged in a cold drink. His friends separated from him, each going to his respective place of abode. He says about the time they left, or within a few minutes, a party approached him, claiming to be a drummer, and having a Briscoe machine which he did not understand using or handling, and employed him to drive the machine from Paducah to Childress. The party claimed he was a drummer, and appellant drove the machine, and carried the drummer to Childress. Appellant had registered at the Swan hotel. After this employment he went to the Swan hotel and had the register cancelled, giving Swan, the proprietor, reasons for it. At Childress appellant offered to sell the machine, some of the witnesses testifying he claimed it. The preponderance of the evidence shows he did not, but was trying to sell it for the owner from whom he claimed to have authority to make the sale. This was done openly and about the streets of Childress. The case then is one of circumstantial evidence. Appellant was shown to be in possession of the auto the morning after it was stolen the previous night and gave the explanation as stated above, and his alibi. The time of night the machine was taken is not shown. The owner of it did not know it was taken until the following day. The evidence may be sufficient to show that it was taken during the night. If appellant took the car he had to go from Paducah, nine or ten miles to the place of the theft, and thence to Childress to reach that point at or about 2:30 o'clock in the morning. The evidence seems undisputed that appellant came in a car with a school teacher from the neighborhood five or six miles of town into Paducah in what the school teacher called his "jitney," "a Ford car." There is no evidence to show how he got from Paducah, or by what means he reached Mr. Welch's place, nine or ten miles from town, to get the car. He was located at Paducah about 10 or 10:30

o'clock in the evening. He says he met the man on the street who claimed to be the owner of the alleged stolen car and by whom he was employed and given a stipulated price to drive him to Childress. This is a sufficient statement of the case on the facts.

The continuance will not be discussed as the judgment will be reversed on other questions. The continuance was applied for on account of the testimony of Swan, the hotel keeper, who, it seems, had gone to Colorado to be absent some time. It is alleged he would have sworn to the fact that defendant had registered at his hotel, and later, about 10 o'clock, registered off and gave his reasons for doing so at the time he did register off. This testimony may be obtained upon another trial.

The court gave a charge on circumstantial evidence. He also charged the jury that if they should find defendant acquired the alleged stolen car from Perkins, or if they had a reasonable doubt of that fact, they would acquit the defendant. Perkins seems to have been the man who, appellant says, employed him to drive the car. Objections were urged to the failure of the court to charge on alibi, and special requested instructions refused. He also requested an instruction submitting the law applicable to appellant's connection with the case as a hired hand. He also excepted to the court's charge with reference to recent explanation of stolen property, and also that the court failed to submit the issue raised by the testimony of the witnesses as to a third party or chauffeur. Special charges were asked with reference to these matters, as well as exceptions taken, all of which were refused. The court, in a general way, gave him the benefit of the reasonable explanation given by defendant that he obtained the car from Perkins. This hardly submits the question under the facts. If defendant had claimed he purchased the car from Perkins, this would have been correct, but that was not the explanation. Appellant did not claim to have purchased the car from Perkins, but he was only playing the part of chauffeur, carrying Perkins from Paducah to Childress, with authority from Perkins to sell the car. This explanation should have been submitted to the jury. Nor does it submit the question of appellant's want of connection with the original taking. Appellant may have been or not chauffeur for Perkins, but if he came in possession of the car from Perkins, not being connected with the original taking, he would not be guilty of theft. The State does not raise the question, or present any testimony that suggested the theory that there was a conspiracy between Perkins and appellant or between appellant and anybody else, to steal this car, and then bring it to Paducah and carry it to Childress and dispose of it. This might, under the Smith case, 21 Texas Crim. App., 96, 107, have constituted all the parties principals, but that question is not suggested in the testimony. Upon another trial the court should instruct the jury with reference to the facts and conform the charges to the different views and aspects of the testimony, and should direct the jury's attention, in the various forms required by the testimony, to the fact that unless appellant was guilty in connection

with the original taking, he could not be punished as a thief. The fact that he was a chauffeur would not render him guilty. The question of alibi, his want of participation in the original taking, and the fact that he was in possession of the auto as driver in good faith, are all suggested by the testimony, and the law applicable thereto should have been given in charge to the jury. The jury may or may not believe the testimony, but that does not affect the proposition. He is entitled to have the case passed on the facts as shown under appropriate instructions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*